■ RICHARD WARD et al., Appellants, v. ALICE PERRY, Respondent.— Order, entered on May 21, 1969, denying plaintiffs' motion for summary judgment, affirmed, without costs and disbursements. While plaintiffs make out a strong case against the defendant, it cannot be said, on the record before us, that the negligence of the defendant has been clearly proven as a matter of law. There is also the additional question of whether one of these plaintiffs was struck by defendant's car as he stepped into the roadway to call a taxi. So that, at least, as to this plaintiff, there is the question of contributory negligence. It is important to recall that, in *Di Sabato* v. *Soffes* (9 A D 2d 297), cited in the dissenting opinion, it was noted in the majority opinion of that case (p. 300) that " The defendants have failed to submit a single affidavit, by anyone having knowledge of the facts, to controvert the prima facie showing of negligence ". In the case at bar the defendant has submitted an affidavit in opposition to plaintiffs' motion, in which she says, amongst other things: " I brought my car to a complete stop at the curb where this elderly gentleman was waiting for me. I applied the hand-brake, or emergency brake as it is sometimes called. I then moved across the front seat to the right and opened the door of the automobile. My passenger, with some assistance from me got into the automobile and was seated in the front right seat. I then reached across my passenger and pulled the door shut and as it slammed shut the car seemed to jump forward. * * * I do not know what caused the car to start. I did not touch the gas pedal or other operating equipment of the automobile at this time." Concur — Capozzoli, J. P., McGivern, and Markewich, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse and grant plaintiffs' motion for summary judgment. Appellants were standing on the sidewalk on the northwest corner of 157th Street and Broadway, New York City, on November 29, 1968 at about 4:20 P.M. when they were struck down by defendant's automobile. Defendant testified in her examination before trial: that she drove her automobile to the place of occurrence, stopped it to pick up a friend, applied the foot and emergency brakes, and moved to the center bucket seat; she does not remember putting the automatic drive into the park position; after helping her friend into the car, and before she could get back into the driver's seat, the automobile jumped the sidewalk before she could apply the footbrake. In defendant's own words after her car jumped the sidewalk she saw only: " people falling down. * * * All I saw was human bodies falling down and I don't know anything else, for I was made unconscious." It seems to me that liability has been clearly established by the defendant's own version of the accident. If summary judgment be denied plaintiffs the provisions of CPLR 3212 applicable to negligence cases will be seriously undermined if not rendered completely meaningless. Our own court has granted summary judgment in a much weaker negligence case than the one at bar. (See *Di Sabato*, v. *Soffes*, 9 A D 2d 297.) In any event if plaintiffs are residents it might be advisable for them to move for a special preference in the interest of justice. (*Sullivan* v. *Ganios*, 31 A D 2d 527; *Hart* v. *American Airlines*, 31 A D 896; *Bush* v. *Hertz Corp.*, 29 A D 2d 938.)